IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JEDIDIAH G.,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>Defendant, | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case Number: 1:21-cv-00049-CMR<br><br>**Magistrate Judge Cecilia M. Romero** |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act) (ECF 18). After careful review of the record (ECF 15), the parties' briefs (ECF 18, 23, and 24), and arguments presented at a hearing held on July 21, 2022 (ECF 28), the undersigned concludes that the Commissioner's decision is supported by substantial evidence. For the reasons stated on the record at the Hearing and as discussed below, Plaintiff's Motion for Review of Agency Action (ECF 18) is DENIED, and the Commissioner's decision is AFFIRMED.

## I.      BACKGROUND

On August 21, 2017, Plaintiff applied for SSI alleging a disability that began June 20, 1992 (Administrative Transcript (Tr.) at 21). He sought to renew his benefits from the date of August 21, 2017 after his prior disability benefits ceased. Plaintiff, who was 37 years old at the time of his application, asserted disability based on (1) Asperger's syndrome and (2) epilepsy (Tr. 21, 186, 203). Plaintiff's claim was initially denied on January 19, 2018 (Tr. 76, 112–15), and on reconsideration on April 19, 2018 (Tr. 107, 119–21). After a hearing on August 1, 2019 (Tr. 39–75), the ALJ issued a decision unfavorable to Plaintiff on August 20, 2019.  (Tr. 18–38).

In his decision, the ALJ found Plaintiff had never engaged in substantial gainful activity (Tr. 23). Plaintiff has a high school education and lives with a parent. The ALJ determined that Plaintiff has the severe impairment of autism spectrum disorder (Tr. 23). The ALJ found Plaintiff's epilepsy to be non-severe due to successful treatment by medication (Tr. 24). The ALJ also noted obesity as a non-severe impairment. The ALJ determined Plaintiff had the residual functional capacity (RFC) to work, with some restrictions (Tr. 26–32). The ALJ concluded Plaintiff, who has never worked, was unable to perform past relevant work because he had no past relevant work. (Tr. 32). However, the ALJ concluded Plaintiff could perform work in the national economy such as laundry sorter, floor cleaner, and janitor (Tr. 32). The ALJ found Plaintiff not disabled (Tr. 32).

The Appeals Council denied review, making the ALJ's decision the final agency decision (Tr. 1-4). This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court has reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *E.g.*, *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The doctrine of harmless error could also apply in the "right exceptional circumstance," when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## III.    DISCUSSION

To establish that he is disabled, a claimant must show that he was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. 42 U.S.C. § 1382c(a)(3)(H)(i) (incorporating

by reference 42 U.S.C. § 423(d)(5)(A)). The claimant has the initial burden of establishing the disability that prevents him from engaging in his prior work activity. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). After the claimant meets that burden, the burden shifts to the Commissioner to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy. *Id.* Whether a claimant is disabled under the Act is a decision reserved to the Commissioner alone. 20 C.F.R. §§ 416.920b(c)(3), 416.946(c).

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ's decision summarizes the five-part sequential evaluation process. A claimant's residual functional capacity (RFC) is determined in the third step of the process. *Id.* The RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. A person's RFC is the most a claimant can do, despite symptoms from his impairments. 20 C.F.R. § 416.945(a)(1).

Plaintiff contests the ALJ's RFC determination in this case. In its RFC determination, the ALJ found that Plaintiff's severe impairments would limit him to a full range of work at all exertional levels, with seizure-related restrictions and the following mental limitations: understanding, remembering, and carrying out simple, routine, and repetitive tasks; performing goal-oriented but not assembly line-paced work; engaging in occasional interaction with coworkers and supervisors and brief and superficial contact with the public; and adapting to routine changes in the workplace (Tr. 26).

### A. The ALJ Properly Evaluated Ms. Leavenworth's Opinion

Plaintiff primarily contests that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not properly evaluate a February 2018 "Mental Status & Treatment/Progress Report" completed by Pamela Leavenworth, a licensed clinical social worker. (Tr. 30, 312–16). In that report, Ms. Leavenworth included her prognosis that Plaintiff's symptoms were not expected to change; her prognosis that Plaintiff's condition would continue; her observation that Plaintiff could benefit from treatment for autism to learn coping skills; her assessment that Plaintiff "was considered severely and persistently mentally ill"; and her statement that Plaintiff could not manage his own funds (Tr. 30–31 (citing Tr. 312–16)).

Under the applicable regulations, Ms. Leavenworth does not meet the definition of an "acceptable medical source," but is considered an "other" medical source. 20 C.F.R. § 416.902(a), (i). *See also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,846–47 (March 27, 2017) (excluding licensed clinical social workers as "acceptable medical sources"). Both "acceptable" and "other" medical sources may offer medical opinions. 20 C.F.R. § 416.913(a)(2). A medical opinion is a statement from a medical source about (1) what a claimant can still do despite his impairment(s) and (2) whether a claimant has one or more impairment-related limitations or restrictions in specific, work-related abilities listed in the regulations. 20 C.F.R. § 416.913(a)(2).[1]

---

[1] Impairment-related limitations and restrictions may be physical, mental, sensory, or involve the ability to adapt to changing conditions. 20 C.F.R. § 416.913(a)(2)(i). Mental limitations and restrictions may relate to the  mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting. 20 C.F.R. § 416.913(a)(2)(i)(B).

The current Social Security regulations impose no hierarchy among the sources offering medical opinions and give no deference to any opinion, even those from the claimant's own doctor. 20 C.F.R. § 404.1520c(a). The ALJ considers the persuasiveness of opinion evidence utilizing the factors outlined in the regulations. *Id.* There are five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c); *id.* § 416.920c(c). "The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability [and] consistency." 20 C.F.R. § 404.1520c(b)(2). While there are five factors, the ALJ is only required to articulate the supportability and consistency factors in its determination. *See* 20 C.F.R. § 404.1520c(b)(2), (3); ); *id.* § 416.920c(b)(2), (3).

The ALJ treated Ms. Leavenworth's report as a medical opinion from a medical source and engaged in the analysis required in 20 C.F.R. § 416.920c (Tr. 30–31). Turning first to the consistency factor, the ALJ reasonably found that Ms. Leavenworth's prognoses and observations were inconsistent with other evidence found in the record (Tr. 30–31). *See* 20 C.F.R. § 416.920c(c)(2) (in assessing opinion evidence, the ALJ will consider consistency with other evidence found in the record). For example, the ALJ reasonably noted the inconsistency between Ms. Leavenworth's opinion and other evidence: mental status examination findings that Plaintiff was alert, oriented, pleasant, and had unremarkable thought content; and the examining psychologist's observations and psychological testing results, including Plaintiff's Full-Scale IQ score of 92 and relative strengths in verbal processing (Tr. 30 (citing Tr. 281, 290, 302–07, 323–25, 336-38, 349, 351)). *See Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (determining the ALJ reasonably discounted physician's opinion as inconsistent with other medical evidence).

Turning next to the supportability factor, the ALJ reasonably found that Ms. Leavenworth's prognoses and observations lacked objective medical support (Tr. 31). 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). Here, the ALJ noted that Ms. Leavenworth's conclusions appeared to be unduly influenced by Plaintiff's mother's responses, as Plaintiff's mother answered most of the questions Ms. Leavenworth posed (Tr. 30 (citing Tr. 313)). Ms. Leavenworth's description of her interview supports the ALJ's view: "[Plaintiff] is a 38-year-old male who presented with his mother due to extreme social anxiety and issues with a history of autism. Mother answered most interview questions and [Plaintiff] would only respond occasionally, with short answers . . ." (Tr. 313). The ALJ noted the marked contrast between Plaintiff's mother's subjective responses to Ms. Leavenworth's questions about Plaintiff and Plaintiff's direct, unmediated responses during his consultative examination with Dee Duncan, Ph.D., where Plaintiff's mother was not present and Plaintiff spoke for himself (Tr. 31 (citing Tr. 302–07, 310)). Although Plaintiff complains that this was not a relevant "supportability" consideration under the regulations, the Court disagrees; the disagreement about how to weigh the mother's responses against the Plaintiff's direct responses is a subjective disagreement, not an objective determination. 20 C.F.R. § 416.920c(c)(1) (requiring the ALJ to consider relevant objective medical evidence); *see also Rivera v. Colvin*, 629 F. App'x 842, 845 (10th Cir. 2015) (unpublished) ("In weighing [the doctors'] opinions, it was entirely appropriate for the ALJ to consider where [the doctors] got their information.").

7

Although the ALJ's analysis of the supportability factor is limited and could contain more detail, it nevertheless addressed that factor, and the Court can follow the ALJ's reasoning. Hence, this case is distinguishable from *Lovato v. Saul*, the District of New Mexico case cited as persuasive authority by Plaintiff. No. 1:20-CV-00187-KRS, 2021 WL 2894733, at *4 (D.N.M. July 9, 2021). The ALJ engaged in the correct analysis, provides more than a scintilla of explanation, and therefore provided adequate support for its conclusion.

**B. ALJ Adequately Considered Uncontroverted Facts**

The court has also considered Plaintiff's argument that other "uncontroverted evidence" undermines the ALJ's RFC findings. Plaintiff asserts that the ALJ did not consider certain uncontroverted facts, such as how the Plaintiff cannot socially interact, cannot manage finances, does not bathe unless reminded to do so, and is totally dependent on his family. Plaintiff asserts this was error, pointing to *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) and *Silva v. Saul*, Civ. No. 19-913 WJ/KK, 2020 WL 4220862, at *4 (D. N.M. July 23, 2020). "The ALJ must discuss not only the evidence supporting her decision but also 'the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [it] rejects.'" *Silva*, 2020 WL 4220862, at *4.

The Commissioner emphasizes that courts generally find the ALJ decision adequate if it did discuss the uncontroverted evidence that the ALJ did not rely on and significantly probative evidence that the ALJ decides to reject. "[W]e will generally find the ALJ's decision adequate if it discusses the 'uncontroverted evidence' the ALJ chooses not to rely upon and any 'significantly probative evidence' the ALJ decides to reject." *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir.

8

2009). "Our precedents allow the ALJ to engage in less extensive analysis where none of the record medical evidence conflicts with his conclusion that a claimant can perform light work." *Id.* at 1068.

The Court is unpersuaded by Plaintiff's argument that "uncontroverted evidence" undermines the ALJ's RFC findings. The ALJ's decision reveals that he did consider, and then reject, the evidence cited by Plaintiff alongside other relevant record evidence (Tr. 26–32). Although Plaintiff raises concerns about the ALJ's interpretation, under the substantial evidence standard the Court is not permitted to reweigh the record evidence. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The court understands and appreciates Plaintiff's position that he has never worked, struggles with life activities and social interactions, and is largely dependent on his family. However, under the applicable standard of review, the court is not permitted to reweigh the evidence and substitute its judgment for that of the ALJ.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the ALJ's decision is supported by substantial evidence and is therefore AFFIRMED, and Plaintiff's Motion for Review of Agency Action is DENIED.

DATED this 22 August 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

9